BLATCHFORD a. THE NEW YORK & NEW HAVEN RAILROAD COMPANY.

*Supreme Court, First District; Special Term, Sept.,* 1857.

PRELIMINARY INJUNCTION.—STOCKHOLDERS.

Where, in an injunction suit by a stockholder in a corporation, as such, it is denied by the answer that plaintiff is a stockholder, a preliminary injunction granted on the complaint will be dissolved.

It is the settled practice that a preliminary injunction cannot be sustained where the equities of the complaint are denied by the answer.

Motion to dissolve a temporary injunction.

This action was brought by Mary Ann Blatchford against The New York and New Haven Railroad Company, and others, its treasurer and directors. The complaint alleged that the plaintiff was a stockholder in the defendants' corporation;—that the directors had declared a dividend payable out of the assets of the Company;—that they were about to pay the same, excluding the plaintiff and other stockholders;—that the Company had no earnings from which said dividend could be paid;—and that its payment would impair the capital of the Company.

The answer set up that the plaintiff was not a stockholder of the Company, and stated facts tending to show that she was not. The defendants also denied the averment that they had not sufficient surplus earnings on hand to pay said dividend, and averred that they had. Other facts are stated in the opinion.

A motion was now made to dissolve the temporary injunction granted on the complaint.

*William Curtis Noyes,* for the motion.

*J. Larocque* and *Charles O'Conor,* opposed.

DAVIES, J.—If the plaintiff is not a stockholder in the corporation, there can be no question that she is not entitled to maintain this action and have the relief claimed. The plaintiff claims to be a stockholder of the Corporation by virtue of two several certificates of stock issued to her by Robert Schuyler, then the

transfer agent to the corporation, and issued, one on November 5, 1853, and the other on April 26, 1854.

The defendants allege that these certificates were forged, false, and fraudulent; that Schuyler had no authority to issue them; that at the time they were so issued, the full amount of stock authorized by the charter of the company had been issued; that said certificates, at the time they were so issued, represented no stock, and that the plaintiff has never been admitted or recognized as a stockholder of the corporation by the other stockholders thereof or by the directors of the company.

Upon the facts before me, applying the rules laid down by the Court of Appeals in the case of the Mechanics' Bank against this corporation (3 *Kern.*, 597), I must hold that the plaintiff is not a stockholder of the corporation. It was conceded on the argument, that unless she was such stockholder she was not entitled to the relief sought. Whatever may be her claim against the corporation by reason of the acts of their agent, unless she is a stockholder she has no standing in court which upon any settled principle would authorize her to claim the relief she seeks.

It may be that the facts set up in the answer may be varied by the proofs, but on this motion to vacate the injunction on the complaint and answer, and the latter denying all the equities of the complaint, it is the well-settled practice of this court that the injunction cannot be sustained.

The motion to vacate it must therefore be granted.